IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAIGE R. DAVIS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-848-SMY

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Paige R. Davis' 28 USC § 2255 Petition seeking a modification of his sentence (Doc. 1). For the following reasons, the Petition is **DENIED**.

On March 25, 2013, Petitioner Paige R. Davis pleaded guilty to a violation of 18 U.S.C. § 922(g)(1) and was sentenced to 66 months in prison. *United States v. Paige R. Davis*, Case No. 12-cr-30319, Doc. 62. As part of the Plea Agreement, Davis agreed that a four level enhancement applied under U.S.S.G. § 2K2.1(b)(6) because he committed the underlying offense in connection with another felony offense (aggravated battery). Davis also agreed to waive his right to contest his conviction or sentence through appeal or collateral attack. *Id*. Doc. 44, p. 8. Robert L. Elovitz of the Law Offices of Robert L. Elovitz represented Davis throughout the relevant proceedings. Davis did not file any objections to the Presentence Investigation Report.

Davis filed the instant § 2255 Petition on July 25, 2014, attacking his sentence. The Government responded (Doc. 4) and Davis replied (Doc. 5). Davis filed a Motion to Supplement on December 29, 2014 (Doc. 6).

Davis' Petition raises only one ground for modifying his sentence – that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to object to the four level enhancement relating to the aggravated battery charge in Illinois State Court. Specifically, Davis asserts that the enhancement was not appropriate because although he was charged with felony aggravated battery, he pleaded guilty to misdemeanor battery. The Government points out that Davis knowingly and voluntarily waived his right to collaterally attack his sentence. However, Davis contends that his waiver was made unknowingly and involuntarily because his counsel "failed to assist the defendant that he reserved the right to challenge any and all State charges and their relevance to this federal charge now." (Doc. 5, p. 2).

A waiver of a defendant's right to collaterally attack his plea or sentence under § 2255 is enforceable "only if it is knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement." *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). In *Mason*, the Seventh Circuit noted that the defendant was not challenging the voluntariness of the negotiation of the waiver in his plea agreement, but rather his attorney's decision not to request a downward departure greater than the two levels granted by the sentencing court. In holding that Mason's ability to pursue his challenge was waived in the plea agreement, the Court observed:

> Mason is not challenging the voluntariness of the negotiation of the waiver in his plea agreement; in fact, neither did he claim before the trial court nor before this Court that his decision to enter into the agreement was anything but voluntary. The record demonstrates that Mason volunteered to cooperate and enter into an agreement with the government in order that he might possibly receive the benefit of a lighter sentence. Nor does Mason claim that he received ineffective assistance of counsel with respect to the negotiation of the waiver. To the contrary, when specifically questioned by the trial judge during the change of plea hearing, Mason stated that he was pleased with the performance of his attorney up

to that time and that his attorney had done everything that Mason expected of him.

*Id*.

Here, although Davis claims that his decision to enter into the Plea Agreement was not voluntary, the record demonstrates otherwise. Like Mason, Davis volunteered to cooperate and to enter into an agreement in the hopes of receiving a lighter sentence. Moreover, Davis does not claim that he received ineffective assistance with respect to the negotiation of the waiver. Rather, he claims ineffective assistance based on his attorney's failure to object to the level four enhancement. Davis also stated he was pleased with the performance of his attorney up to the time of sentencing and that his attorney had done everything he had been asked. (12-30319-NJR, Doc. 69, p. 9-10).

Because Davis' ineffective assistance of counsel allegation is unrelated to any actual claim that the negotiation of his collateral attack waiver was involuntary or otherwise deficient, he has waived his right to seek post-conviction relief.

**IT IS SO ORDERED.**

**DATED: August 14, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

3